### 12175

PRUITT v. LAW *ET AL.,* COUNTY BOARD

(137 S. E., 216)

1. CRIMINAL LAW—DEFENDANT AFTER SERVING 7 YEARS OF 40-YEAR SENTENCE, COMMUTED TO 10 YEARS BY GOVERNOR, HELD NOT ENTITLED TO RELEASE IN HABEAS CORPUS PROCEEDINGS (34 STAT., 63).—Defendant sentenced to 40 years, whose sentence was commuted to 10 years by the Governor and who had served approximately 7 years of such term, *held* not entitled to release in habeas corpus proceeding before the Supreme Court, in view of Acts 1925, p. 63, placing such matter within control of board of pardons.

2. CONSTITUTIONAL LAW—UNDER STATUTE COURTS HAVE NOTHING TO DO WITH ACTION OF BOARD OF PARDONS, ABSENT ABUSE OF DISCRETION (34 STAT., 63).—Under Acts 1925, p. 63, Courts have nothing to do with the action of the board of pardons, unless it appears that the board has manifestly abused its discretion.

In original jurisdiction.

Original petition by Thomas P. Pruitt for a writ of *habeas corpus,* to be directed against John A. Law and others as the County Board of Spartanburg County. Petition dismissed.

*Mr. L. G. Southard,* for petitioner.

*Mr. C. C. Wyche,* for respondents.

March 10, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This matter is brought in the original jurisdiction of this Court to obtain the release of the petitioner, Thomas P. Pruitt, on two grounds, to wit, that his sentence has expired by operation of law, and, further, that he is entitled to be discharged under the indeterminate sentence Act of 1925.

The position of petitioner is untenable. He has been sentenced for 40 years; the Governor commuted that sentence to 10 years. The sentence still stands, having been modified by action of the Governor by commuting the sentence to 10 years.

Under the Act of Legislature, Act of 1925, p. 63, entitled, "An Act regulating sentences, and the manner of service of sentences, of persons convicted of crime, and providing a penalty for certain violations thereof," it is left to the board of pardons for their action. The Courts have nothing to do with their action unless it should be made to appear that the board of pardons manifestly abused the discretion conferred upon them.

There being no merit in the contention of the petitioner, the petition is dismissed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.